IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carlous L. Wilder, ) | C/A NO. 3:07-976-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| The Columbia Fire Department, ) | |
| a Division of the City of Columbia, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff Carlous L. Wilder ("Wilder") seeks recovery under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII")*,* for his employer's failure to promote him to two positions. Wilder alleges that his employer, the Columbia Fire Department, a Division of the City of Columbia ("CFD"), denied him both opportunities either because of his race (African-American) or in retaliation for his earlier allegations of race-based discrimination, or for both reasons.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On July 1, 2008, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted in part and denied in part. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Both sides filed objections, as set forth below.

**REPORT AND OBJECTIONS**

The Report recommends that Defendant's motion for summary judgment be granted in part and denied in part. Specifically, it recommends that the motion be granted as to Wilder's claims that he was subjected to race-based discrimination when Defendant failed to promote him to the position of Public Fire Education Officer in July 2004 or to the position of Fire Marshal in April 2005. It also recommends that the motion be granted as to Wilder's claim that he was denied the Fire Marshal position in retaliation for earlier charges of discrimination. Wilder objects to both of these recommendations.

The Report also recommends that Defendant's motion be denied as to Wilder's claim that he was denied the Public Fire Education Officer position in retaliation for his earlier charges of discrimination. Defendant objects to this recommendation.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The court has made a *de novo* review of the Report and underlying record as to all matters to which either party has lodged an objection and has reviewed the Report for clear error otherwise. Having done so, the undersigned finds no errors in the Report and concurs with the Report in its analysis. The court, therefore, adopts the Report in all respects both to the extent the Report recommends the motion be granted and to the extent the Report recommends the motion be denied. The claim for retaliation relating to Wilder's non-selection for the Public Fire Education Officer position will, therefore, proceed to trial under the schedule set out below.

## TRIAL SCHEDULE

The pretrial schedule shall be as follows:

1. No later than **August 11, 2008**, the parties shall advise the court as to the anticipated length of trial.

2. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **August 29, 2008.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

3. No later than **September 4, 2008**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4. Motions in limine must be filed at least three weeks prior to jury selection.

5. Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[1] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. This case shall be called for trial during the **October/November 2008** term of court, with jury selection set for **October 16, 2008.**

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full and grants summary judgment as to Wilder's claims that he was subjected to race-based discrimination in his non-selection for either position as well as his claim that his non-selection for the Fire Marshal position was in retaliation for earlier charges of discrimination. Wilder's claim that his non-selection for the Public Fire Education Officer was the result of retaliation shall proceed to trial under the schedule set forth above.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 31, 2008

---

[1] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.